IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WENDY DALEY,

    Plaintiff,

v.

BRENDEN MCKOY, individually,
ZACH MAJORS, individually, and
WASHINGTON COUNTY,

    Defendants.

3:17-cv-00718-BR

OPINION AND ORDER

**MICHAEL E. ROSE**
**BETH CREIGHTON**
Creighton & Rose, P.C.
300 Powers Building
65 S.W. Yamhill St.
Portland, OR 97204
(503) 221-1792

    Attorneys for Plaintiff

**CHRISTOPHER A. GILMORE**
Senior Assistant County Counsel
Office of Washington County Counsel
161 N.W. Adams Ave., Suite 305
Hillsboro, OR 97124
(503) 846-8747

    Attorney for Defendants

**BROWN, Senior Judge.**

    This matter comes before the Court on the Motion (#25) for Summary Judgment and the Motion (#37) to Strike filed by

1 - OPINION AND ORDER

Defendants Brenden McKoy, Zach Majors, and Washington County. After reviewing the record the Court concludes the record is sufficiently developed, and, therefore, oral argument is unnecessary.

For the reasons that follow, the Court **DENIES** Defendants' Motion to Strike, **GRANTS** Defendants' Motion for Summary Judgment, and **DISMISSES** this case **with prejudice**.

### BACKGROUND

The following facts are taken from the Joint Statement of Agreed Facts (#22) and the parties' summary-judgment materials and are undisputed unless otherwise indicated.

On October 14, 2015, at approximately 10:37 p.m., Washington County Consolidated Communications Agency (WCCCA) received a 9-1-1 call from Kristen Cast[1] who lives in Northwest Portland.

Cast told the 9-1-1 dispatcher that a woman was walking around her house and that it was the same woman who was photographed on her mother's security camera walking around the property of her mother, Phyllis Cast, in another part of Portland the night before. Cast described the suspect as a "woman in her 50s" [*sic*] and "wearing jeans" and a "cardigan" over her shirt. Cast also described the vehicle driven by the woman as a "silvery gray" vehicle and gave the dispatcher a license plate number of "ZCA 002." This information was relayed to officers in the field.

---

[1] Kristen Cast is not a party to this lawsuit.

Deputy McKoy, a Washington County Sheriff's officer, responded to Cast's call, arrived at her residence at approximately 10:47 p.m., and interviewed Cast about the incident. Cast told Deputy McKoy that she recognized the person on her property as the person who was recorded on a security camera video the evening before at the home of her mother in Southwest Portland. Kristin Cast also told Deputy McKoy that the person on the video had backed into a vehicle owned by Dustin Richard, her mother's boyfriend, on her mother's property.

Deputy McKoy contacted Richard by telephone and interviewed him about the incident. Richard confirmed there was security camera video of someone on Phyllis Cast's property where his vehicle had been parked the night before. He also confirmed his vehicle had been damaged. Deputy McKoy also spoke to Phyllis Cast, who said she found a female's shoe that was left behind at the scene and described it as a "brown wedge."

In the meantime Plaintiff's vehicle with the license plate number reported by Kristin Cast was stopped by another Washington County officer[2] at the corner of N.W. Quail Hollow Drive and N.W. Hawk Place, a few blocks from Kristin Cast's residence. The vehicle was a dark blue Volvo station wagon.

At approximately 11:24 p.m., Deputy McKoy arrived at the location where Plaintiff's vehicle had been stopped. He asked

---

[2] In her Response to Defendants' Motion Plaintiff identifies Deputy Majors as the officer who pulled over her vehicle. Deputy McKoy in his incident report and the parties' in their Joint Statement of Agreed Facts, however, identify Deputy Orozco as the officer who stopped Plaintiff's vehicle.

3 – OPINION AND ORDER

Plaintiff to step out of her vehicle and questioned her about the incident. He then allowed Plaintiff to call her attorney.

Deputy McKoy inspected Plaintiff's vehicle and took pictures of the vehicle including the scratches on the back bumper. He also viewed the security camera video sent by Richard on an iPhone belonging to Deputy Majors. Deputy McKoy concluded Plaintiff was the person in the security camera video based on his personal observation of Plaintiff at the scene. Deputy McKoy conferred with Deputy Majors and Corporal Adam Rorick, and both agreed there was probable cause for Plaintiff's arrest. At approximately 11:36 p.m. Deputy McKoy arrested Plaintiff for failure to perform the duties of a driver when she hit Richard's vehicle. Deputy McKoy informed Richard that a suspect had been detained, and Richard stated he wanted to "press charges."

At approximately 11:55 p.m. Deputy McKoy transported Plaintiff to the Washington County jail in Hillsboro, Oregon, where she was booked and held for approximately three and a half hours. Because the alleged crime occurred in Multnomah County, Deputy McKoy transported Plaintiff to the Multnomah County Detention Center (MCDC) in Portland where she was held for several hours before she was released.

On October 16, 2015, Plaintiff was arraigned on the charge of Failure to Perform the Duties of a Driver in an Accident, to which she entered a plea of "not guilty." The court continued the matter to October 29, 2015.

On October 29, 2015, Plaintiff returned to court and learned

the charges against her had been dismissed.

On May 8, 2017, Plaintiff filed a civil action against Deputy McKoy, Deputy Majors, and Washington County.  In her Complaint Plaintiff alleges a claim against Deputies McKoy and Majors in their individual capacities pursuant to 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights to be free from arrest absent probable cause.  Plaintiff also alleges state-law claims against Washington County for false arrest and negligence.

On March 14, 2018, Defendants filed a Motion (#25) for Summary Judgment.  On April 23, 2018, Defendants also filed a Motion (#37) to Strike certain evidence offered by Plaintiff as part of her Response to Defendants' Motion.

## STANDARDS

### I. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to

a material fact for trial.  *Id*.  "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## II. Section 1983

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## III. Oregon Tort Claims Act (OTCA), Oregon Revised Statutes §§ 30.260, *et seq.*

Under the OTCA a public body is subject to civil action for its own torts and those of its officers, employees, and agents acting within the scope of their employment or duties.

### **DEFENDANTS' MOTION (#25) FOR SUMMARY JUDGMENT**

Deputies McKoy and Majors contend they are entitled to summary judgment on Plaintiff's § 1983 claim on the grounds that they had probable cause to arrest Plaintiff for Failure to Perform the Duties of Driver in an Accident, and, in any event, Defendants are entitled to qualified immunity even if the Court

finds Defendants did not have probable cause.  Defendant Washington County contends it is entitled to summary judgment on Plaintiff's state-law claims on the grounds that the deputies had probable cause to arrest Plaintiff and Plaintiff's negligence claim against Washington County under the OTCA cannot be based on the same conduct as Plaintiff's Fourth Amendment claim.

Plaintiff, in turn, contends Defendants are not entitled to summary judgment because (1) there is a genuine dispute of material fact from which a reasonable juror could find the Deputies lacked probable cause to arrest Plaintiff and (2) qualified immunity does not bar Plaintiff's claim as she was arrested based on information that was insufficient to establish probable cause.  Plaintiff also contends Washington County was negligent based on the Deputies' failure to exercise reasonable care in their investigation and their erroneous identification of Plaintiff as the perpetrator of the offense that resulted in her arrest.  According to Plaintiff, therefore, Washington County is liable for Plaintiff's false arrest based on the disputed conduct of the Deputies.

**I. Plaintiff's § 1983 Claim Against Deputies McKoy and Majors**

    **A. Probable Cause**

        **1. Standards**

A warrantless arrest requires probable cause under the Fourth Amendment.  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)(citing *Michigan v. Summers*, 452 U.S. 692, 700 (1981).  "Probable cause to arrest exists when officers have

knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id.*

> Alternatively, this court has defined probable cause as follows: when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986).

*Lopez*, 482 F.2d at 1072. Law-enforcement officers are not required "to believe to an absolute certainty, or by clear and convincing evidence, or even by a preponderance of the available evidence" that a suspect has committed a crime. *Id.* at 1078. *See also Garcia v. Cty. of Merced*, 539 F.3d 1206, 1209 (9th Cir. 2011). The officer, however, must be able to conclude that there is a "fair probability" that the suspect committed the crime. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006).

### 2. Analysis

Plaintiff contends the evidence, viewed in the light most favorable to her, presents a jury question as to whether Deputies McKoy and Majors had probable cause to arrest her. Plaintiff argues the security camera video is unclear and the images in the video do not resemble Plaintiff or her vehicle. Plaintiff also argues the witness statements are unreliable because none of the witnesses saw the vehicle collision.

Kristin Cast, however, identified the person on

her property as the person in her mother's security camera video. Kristin Cast also gave the dispatcher the license plate number of the vehicle driven by the person who was on her property. After Plaintiff was stopped, Deputy McKoy saw evidence of damage to Plaintiff's vehicle on the rear bumper that supported a reasonable inference that she had been in a collision of some kind. Deputy McKoy also interviewed Richard, who said the woman in the video "backed up into his pickup" as she left the property. When Deputy McKoy viewed the security camera video on Deputy Majors's iPhone, he concluded Plaintiff was the person in the video. Deputy Majors and Corporal Rorik also viewed the video and concluded Plaintiff was the person in the video.

Although the quality of the video is not crystal clear, there are sufficient similarities between Plaintiff the the person in the video to lead a reasonable officer to believe that Plaintiff was the person in the video.

The Court notes it may be reasonable for an officer to rely on the statements of persons with knowledge of an incident even though they did not witness it first-hand. *See Fuller v. M.G. Jewelry*, 951 F.2d 1437, 1443-44 (9th Cir. 1991). Thus, in light of the statements of Kristin Cast and Richard, the confirming opinions of Deputy Majors and Corporal Rorik, and the video, the officers had reasonably trustworthy information sufficient to lead them to believe that Plaintiff was the person in the video and had committed the offense.

Accordingly, on this record the Court concludes

Deputies McKoy and Majors did not violate Plaintiff's Fourth
Amendment rights because they had probable cause to arrest
Plaintiff, and, therefore, Defendants are entitled to summary
judgment on Plaintiff's § 1983 claim.

### B. Qualified Immunity

As noted, Deputies McKoy and Majors contend even if
they did not have probable cause to arrest Plaintiff, they are
entitled to qualified immunity.

#### 1. Standards

"The doctrine of qualified immunity protects
government officials from liability for civil damages insofar as
their conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have
known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(internal
quotation marks omitted). Qualified immunity is an immunity from
being required to defend a § 1983 action. *Morales v. Fry,* 873
F.3d 817, 822 (9th Cir. 2017)(citing *Mitchell v. Forsyth*, 472
U.S. 511, 526 (1985)).

A public official is entitled to qualified
immunity unless: (1) "the facts alleged, taken in the light most
favorable to the party asserting the injury, show that the
official's conduct violated a constitutional right" and (2) the
right at issue "was clearly established 'in light of the specific
context of the case'" at the time of the alleged misconduct.
*Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100 (9th Cir.
2011)(citation omitted). In the context of an unlawful arrest,

"the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest — that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011)(emphasis in original).

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012)(internal marks omitted). The court need not identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In other words, "[a]n officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Kisela v. Hughes,* 138 S. Ct. 1148, 1153 (2018)(quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)).

"The dispositive question is whether the violative nature of particular conduct is clearly established." *Mullenix v. Luna,* 136 S. Ct. 305, 308 (2015). In the context of a warrantless arrest, the Court must resolve "whether the

circumstances with which [the particular officer] was confronted
. . . constitute[d] probable cause." *Id*. at 309.

Qualified immunity is meant to protect "all but the plainly incompetent or those who knowingly violate the law." *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015).

### 2. Analysis

Plaintiff contends, viewing the evidence in the light most favorable to her, that the record establishes the Deputies did not have probable cause to arrest her, and, therefore, the Deputies did not have the right to arrest her and violated her rights under the Fourth Amendment.

The Court, however, has concluded there was probable cause to arrest Plaintiff. Plaintiff, therefore, cannot establish Defendants violated Plaintiff's "clearly established" Fourth Amendment rights under the United States Constitution. Accordingly, the Court concludes on this record that Deputies McKoy and Majors are entitled to qualified immunity as to Plaintiff's § 1983 claim.

In summary, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim against Deputies McKoy and Majors.

## II. Plaintiff's State-Law Claims

Plaintiff asserts state-law claims for false arrest and negligence against Defendant Washington County pursuant to the OTCA. Although Plaintiff has not specifically alleged that her

claims against Washington County arise under the OTCA, Plaintiff states in her Complaint that she gave Washington County timely written notice of her claims and satisfied the requirements of the OTCA. Defendants do not contest this issue.

### A. False-Arrest Claim

#### 1. Standards

To state a false-arrest claim under Oregon law the plaintiff must prove the following elements: (1) the defendant confined the plaintiff, (2) the confinement was intentional, (3) the plaintiff was aware of the confinement, and (4) the confinement was unlawful. *Hiber v. Cred. Collection Svcs.*, 154 Or. App. 408, 413, *rev. denied*, 327 Or. 621 (1998).

Under Oregon law a claim for false arrest is defeated when an officer has probable cause to make an arrest. *Miller v. Columbia County*, 282 Or. App. 348, 357-58 (2016). An officer has probable cause to make an arrest if: (1) the officer subjectively believes a crime has been committed and (2) the officer's subjective belief is objectively reasonable under the circumstances. *State v. Miller*, 345 Or. 176, 184 (2008). For an officer's subjective belief to be objectively reasonable, the facts known to the officer must provide a substantial objective basis for believing it was more likely than not that a person has committed a crime. *Id.* at 188-89.

#### 2. Analysis

The analysis of probable cause under Oregon law is the same as the analysis under federal law. As noted, the Court

has concluded Deputies McKoy and Majors had probable cause to arrest Plaintiff. Accordingly, the Court concludes Washington County is entitled to summary judgment on Plaintiff's false-arrest claim under Oregon law.

### B. Negligence Claim

Washington County contends Plaintiff's negligence claim under the OTCA fails because it is based on the same conduct underlying Plaintiff's Fourth Amendment claim.

Plaintiff, however, contends her negligence claim is based on the fact that the deputies did not exercise reasonable care when they "confirmed" Plaintiff was the perpetrator of the offense that resulted in her arrest.

#### 1. Standards

Under Oregon law to establish a common-law negligence claim a plaintiff must allege and prove the following: "(1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." *Son v. Ashland Comty. Healthcare Serv.*, 239 Or. App. 409, 506 (2010)(quoting *Solberg v. Johnson*, 306 Or. 484, 490-91 (1988)(citing *Fazzolari v. Portland Pub. Sch. Dist. No. 1J*, 303 Or. 1 (1987)).

### 2. Analysis

Plaintiff alleges in her Complaint that "employees of Defendant Washington County were negligent in identifying Daley as the perpetrator" of the hit-and-run, "Defendants had a duty not to arrest an individual without a warrant or probable cause," "Defendants had a duty not to make false statements or omissions that were material to the finding of probable cause," "[Plaintiff's] arrest, detention[,] and prosecution were a foreseeable result of [D]efendant's failure to fulfill those duties," and "[Plaintiff's] arrest, detention[,] and prosecution were caused by [D]efendant's failure to fulfill those duties." Compl. at ¶ 33-37. Plaintiff's negligence claim is based on the same conduct and facts that underlie her § 1983 claim; *i.e.*, whether the deputies exercised reasonable care in determining that they had probable cause to arrest her.

"[A]s a matter of principle, the court recognizes that a plaintiff may allege negligence as a basis for recovery separate from § 1983 for acts arising in the Fourth Amendment search and seizure context. The negligence claim, however, should not be founded on the same facts that give rise to the § 1983 claim." *Gregory v. City of Newberg*, No. 3:15-CV-00473-BR, 2015 WL 5577755, at *7-8 (D. Or. Sept. 21, 2015)(citing *Shilo v. City of Portland*, Civil No. 04-130-AS, 2005 WL 3157563, *1 (D. Or. Nov. 22, 2005)). Although a recent decision in this district has challenged this long-standing rule (*see Johns v. City of Eugene*, No. 6:16-cv-00907, 2018 WL 634519 (D. Or. Jan. 30,

2018)), this Court concludes the principle set out in *Gregory* is applicable and controlling in this case. In *Johns* the plaintiff asserted claims pursuant to § 1983 for violation of his Fourth and Fourteenth Amendment rights and state-law claims for negligence and intentional infliction of emotional distress as a result of his arrest by city police officers. The court denied the defendants' motion for summary judgment as to the plaintiff's Fourth Amendment claim under § 1983 on the ground that there were "substantial disputes of material fact that [were] determinative in establishing the existence of probable cause." *Id.,* at *5. Although the court concluded the plaintiff's § 1983 claim did not preclude the state-law negligence claim even though it was based on the same facts, the court denied the city's motion for summary judgment on the negligence claim on the ground that there was a genuine dispute of material fact as to "whether the defendant's conduct unreasonably caused a foreseeable risk of harm, [similar to] the Fourth Amendment [claim], which requires the officer's actions to be objectively reasonable." *Id.*, at *14.

Plaintiff's § 1983 and negligence claims in this case both turn on the same facts that underlie the issue as to whether it was "reasonable" for the officers to believe that a crime had been committed by Plaintiff and, therefore, whether it was reasonable to conclude they had probable cause to arrest her. As noted, the Court has concluded the officers had probable cause to arrest Plaintiff.

Accordingly, the Court concludes Washington County

is entitled to summary judgment on Plaintiff's negligence claim as a matter of law.

**DEFENDANTS' MOTION (#37) TO STRIKE**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants move to strike a video offered by Plaintiff as part of her Response to Defendants' Motion for Summary Judgment. The video is the security camera video of the activity at Phyllis Cast's home, but it is formatted on a CD and shows a larger and clearer image.

Defendants object to this presentation on the grounds that the officers viewed the video at the time of the events on an iPhone and Plaintiff's CD version was not available to the officers at the time of the arrest. Defendants, therefore, contend Plaintiff's CD version is not admissible and should not be relied on by the Court to resolve Defendants' Motion for Summary Judgment.

Plaintiff, in turn, contends the video viewed by the officers on the iPhone was not clear enough for the officers to conclude that Plaintiff was the person in the video, and, therefore, the officers were negligent when they relied on the video to support probable cause. Plaintiff asserts the officers should have investigated further before effecting a warrantless arrest.

**A. Standards**

"A party may object that the material cited to support

or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

On a motion for summary judgment a district court may consider inadmissible evidence as long as the evidence may be presented in an admissible form at trial. *Jeffries v. Las Vegas Metro. Police Dep't*, 713 F. App'x 549 (9th Cir. 2017)(citing *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003)).

**B.  Analysis**

Plaintiff included as part of her allegations in her Complaint an image from the security camera video. Compl. at ¶ 11. Exhibit 8 to Deputy McKoy's Declaration in support of Defendants' Motion for Summary Judgment appears to include the same security camera video image referred to in Plaintiff's Complaint. Deputy McKoy testified these images were screen shots from the video viewed on Deputy Majors's iPhone at the time of the incident and that he relied on these images when making his determination of probable cause.

The Court has concluded the reasonably trustworthy information available to Deputies McKoy and Majors at the scene, including the iPhone video they viewed, was sufficient to lead a person of reasonable caution to believe that an offense had been committed by Plaintiff, and, therefore, the officers had probable cause to arrest Plaintiff. Thus, the Court need not consider Plaintiff's CD version of the video to resolve the probable-cause issue.

Accordingly, the Court **DENIES as moot** Defendants'

Motion to Strike.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion (#25) for Summary Judgment, **DENIES as moot** Defendants' Motion (#37) to Strike, and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge